Merrigan, J.
We again visit the dispute between the appellees, Paul C. and Lorie J. Dick, and the appellant, George A. Lussier, the general contractor who constructed their home in Spencer, Massachusetts. Following remand from the Appellate Division, and in accordance with the opinion of the Appellate Division, the trial court entered judgment for the Dicks.
Lussier has appealed from the amended judgment awarding damages, interest and attorney’s fees for violations of G.L.c. 93A. On appeal, he raises several issues. First, Lussier disputes the amount of damages awarded for the filtration system, damaged clothing and for the cost of appliances. Lussier also argues that the trial judge should have reduced damages because the Dicks failed to mitigate damages. Second, Lussier asserts that the calculation of interest was not correct. Finally, Lussier argues the award of attorney’s fees was improper.[2]
The Damages Issues
First, Lussier contends that it would have been cheaper to allow WellTech to make a $1,000 repair to the water filtration system and that the trial judge committed error in awarding the cost of a replacement system. This argument is without merit. It was only after the Dicks had spent 15 months attempting to resolve water problems by using the services of WellTech that they went to another company and had a new water filtration system installed. The finding that the Dicks had suffered $4,401 in damages for replacing the water filtration system was not erroneous.
Second, Lussier asserts that the Dicks failed to mitigate damages for loss of clothing because they could have taken their clothing to the laundromat several times a week and avoided damages for the destruction of clothing that had to be replaced as a result of using the water in the defective filtration system to wash *250 their clothes. This suggestion is patently unreasonable. The Dicks had contracted for a new home, which contemplated both washing facilities and a suitable water supply. It was Lussier’s responsibility to make the system right; the actions needed to mitigate damages in the way Lussier suggests (going to the laundromat) go beyond what is reasonable to expect. Rather, by informing Lussier of the problem, contacting WellTech as directed by Lussier, using special detergents, and finally obtaining a proper system from their own vendor was all that the Dicks could reasonably be expected to do. That they could have done more is immaterial. “The critical factor in determining a plaintiffs duty to mitigate is whether the method was ... reasonable in the circumstances at the time.” Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 485 (1991).
Third, Lussier also disputes the finding as to the fair market value of the clothing and appliances that needed to be replaced as a result of using the water at their home. Lussier contends that the judge should not have relied on the replacement value. There was evidence that the water had damaged sheets, towels, clothing, nursing uniforms, and anything else that went through the washing machine. The judge also awarded damages for the washing machine and the dishwasher. It was up to the trial judge to weigh and consider the evidence of lost items and arrive at a value. He was entitled to consider replacement costs and the difficulty in identifying all lost items. A basic measure of damages for breach of contract is the amount which places the plaintiff in “as good a position” as if there had been no breach. Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 499 (1997). Using “a coarse, unsophisticated method” of arriving at values is “not in all contexts clearly wrong.” Zasky v. Zasky, 36 Mass. App. Ct. 7, 14 (1994). “Unless clearly erroneous, the trial judge’s determination of value will stand.” Fetchor v. Fetchor, 26 Mass. App. Ct. 859, 863 (1989). There is no merit to Lussier’s claims that the finding of damages by the trial judge was either legally or factually improper.
The Calculation of Interest
The trial court clerk calculated interest based upon damages as doubled by c. 93A and the award of attorney’s fees and added it to the judgment. Lussier asserts that it was error to calculate interest on the doubled 93A damages and the award of attorney’s fees. The Dicks agree that Lussier is correct on this point, see McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704 (1990). This case will be remanded to the clerk-magistrate for a calculation of interest on the single award of damages and exclusive of attorney’s fees.
The Issue of Attorney’s Fees and Costs
Lussier argues several issues concerning the trial court’s award of attorney’s fees and costs. The most significant argument involves fees and costs attributable to presenting the case to the Appellate Division. The trial judge awarded fees in the amount of $17,482.50 based upon the affidavit of counsel and costs in the amount of $2,670.94 based upon a written itemization by counsel to the court. From the documentation submitted, it is evident that these awards include amounts encompassing litigation in the trial court as well as appellate fees and costs. While a prevailing party is entitled to attorney’s fees and costs for an appeal, such an award may only be authorized by the appellate panel. Yorke Management v. Castro, 406 Mass. 17 (1989). Accordingly, after deducting amounts from both that were attributable to Lussier’s first appeal, we order that attorney’s fees and costs are reduced to $12,282.50, and $146.00, respectively.
Next, Lussier argues that the trial judge should have limited attorney’s fees to the amounts set forth in a contingent fee agreement between the Dicks and their attorney. In his argument, Lussier assumes that the contingent fee is one third, and then argues that because the $17,482.50 attorney’s fee is more than one third of the $43,723.82 judgment, the Dicks will reap a windfall if not limited to one third. The short answer is that there is nothing in the record which enables us to *251 reach this issue. The terms and conditions of the fee agreement have not been made a part of the trial court or appellate record. In any case, when the attorney’s fees are reduced by the portion attributable to the first appeal (see infra),[3] the amount of attorney’s fees will then be less than one third, thus obviating this line of argument. It would not appear, in any event, that the amount awarded pursuant to c. 93A is unreasonable, even if the trial judge did not have evidence before him of local rates for attorney’s or other similar information.
We remand this case to the trial court for entry of an amended judgment for damages, attorney’s fees, costs and interest in accordance with our analysis of the issues herein. Otherwise, the judgment is affirmed.

 Lussier also argues issues decided against him in the first appeal to this court. See Dick v. Lussier, 1998 Mass. App. Div. 151. In this regard, Lussier principally argues that the Appellate Division was in error in reaching the c. 93A issues because of the scant argument on appeal by Dick. The Supreme Judicial Court has indicated that there is nothing improper when a lower court reaches and decides issues “even when the successful party did not argue to that court the ground on which the decision was based.” Bond Bros., Inc. v. Robinson & another; The American Insurance Company, 393 Mass. 546, 552 (1984). (With reference to the c. 93A issue, we said in our prior opinion that Dick’s counsel “barely preserved” the c. 93A issue on appeal. Dick v. Lussier, supra at 155.)

 The record indicates that nearly 30 hours at an hourly rate of $175 was for the appeal.